1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10

CHRISTOPHER ALAN F.,

    Plaintiff,

11

12      v.

13

COMMISSIONER OF SOCIAL
SECURITY,

14

        Defendant.

15

CASE NO. 3:22-CV-5289-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

17  Defendant's denial of his application for supplemental security income ("SSI").[1] After

18  considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when

19  he failed to provide a legally sufficient reason for finding the opinions of Mr. Gregory Lease,

20  M.A., Dr. Eugene Kester, M.D., and Dr. Edward Beaty, Ph.D. unpersuasive. Had the ALJ

21  properly considered these three opinions, Plaintiff's residual functional capacity ("RFC") may

22

23

24

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

1  have included additional limitations. The ALJ's errors are, therefore, not harmless, and this

2  matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

3  Commissioner of Social Security ("Commissioner") for further proceedings consistent with this

4  Order.

5  **I.      Factual and Procedural History**

6          On June 29, 2018, Plaintiff filed an application for SSI benefits, alleging disability

7  beginning February 2, 2006. *See* Dkt. 8, Administrative Record ("AR") 20. The application was

8  denied on initial administrative review and reconsideration. *See* AR 20. A hearing was held

9  before ALJ Lawrence Lee on December 5, 2019. *See* AR 46-60. At the hearing, Plaintiff

10  amended his alleged onset date to June 29, 2018. AR 50. The ALJ determined Plaintiff was not

11  disabled. AR 12-32. The Appeals Council denied Plaintiff's administrative appeal, making the

12  ALJ's decision the final decision of the Commissioner. *See* AR 1-6, 20 C.F.R. §§ 404.981,

13  416.1481. Plaintiff appealed to the United States District Court for the Western District of

14  Washington ("District Court"), which remanded the case for further proceedings. *See* AR 785-

15  96; *Christopher F. v. Commissioner of Social Security*, 3:20-CV-5286-MLP (W.D. Wash. Nov.

16  30, 2020).

17          On remand, Plaintiff received another hearing and supplemental hearing before the ALJ

18  and was again found not disabled on February 25, 2022. *See* AR 724-34, 735-51, 805-823.

19  Plaintiff did not file written exceptions with the Appeals Council, making the February 2022

20  decision the final decision of the Commissioner. *See* AR 802-04. Plaintiff now appeals the ALJ's

21  February 2022 decision.[2]

22

23  _____

24          [2] When stating "the ALJ's decision" throughout this Order, the Court is referring to the February 2022 decision.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

1    Plaintiff maintains the ALJ erred by finding the opinions of Mr. Gregory Lease, M.A.,

2    Dr. Eugene Kester, M.D., and Dr. Edward Beaty, Ph.D. unpersuasive. Dkt. 10 at 1. Plaintiff

3    requests this matter be remanded to the Administration. *Id*.

4    **II.    Standard of Review**

5    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

6    social security benefits if the ALJ's findings are based on legal error or not supported by

7    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

8    Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is

9    "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

10   *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the

11   reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a

12   ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014)

13   (citation omitted).

14   **III.    Discussion**

15   Plaintiff contends the ALJ erred in finding Mr. Lease's, Dr. Kester's, and Dr. Beaty's

16   opinions unpersuasive. Dkt. 10.

17   A.  *Legal Standard*

18   The regulations regarding the evaluation of medical opinion evidence have been amended

19   for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of

20   Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68;

21   *5878-79 (Jan. 18, 2017). Since Plaintiff filed his claim after that date, the new regulations

22   apply. *See* 20 C.F.R.  §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not

23   defer or give any specific evidentiary weight, including controlling weight, to any medical

24

1    opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a),

2    416.920c(a). Instead, ALJ's must consider every medical opinion or prior administrative medical

3    findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20

4    C.F.R. § 404.1520c(a), 416.920c(a). The two most important factors are the opinion's

5    "supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the

6    supportability and consistency factors for a medical source's medical opinions or prior

7    administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2),

8    416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical

9    opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32

10   F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1).

11   "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence

12   from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792

13   (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

14        B.  *Medical Opinion Evidence*[3]

15        On August 17, 2008, Dr. Kester, a state agency physician, found Plaintiff had medically

16   determinable impairments of depressive disorder and anxiety and obsessive-compulsive

17   disorders. AR 130. He opined Plaintiff was moderately limited in his ability to: understand and

18   remember detailed instructions; carry out detailed instructions; maintain attention and

19   concentration for extended periods; perform activities within a schedule, maintain regular

20   attendance, and be punctual within customary tolerances; sustain an ordinary routine without

21   special supervision; work in coordination with or in proximity to others without being distracted

22   _____

23        [3] In the briefing, the parties combine the discussion of the ALJ's reasons for finding Mr. Lease's, Dr.
     Kester's, and Dr. Beaty's opinions unpersuasive. *See* Dkts. 10-12. As the ALJ provided nearly identical reasons for
24   discounting these three opinions, the Court will also consider the opinions and ALJ's findings together.

1   by them; and complete a normal workday and workweek without interruptions from symptoms

2   and perform at a consistent pace without an unreasonable number and length of rest periods. AR

3   116-17. He also found Plaintiff moderately limited in his ability to interact appropriately with the

4   general public and respond appropriately to changes in the work setting. AR 117. On February 6,

5   2019, Dr. Beaty affirmed Dr. Kester's opinion. AR 134-36.

6        On December 30, 2021, Mr. Lease, Plaintiff's licensed mental health counselor,

7   completed a Mental Impairment Questionnaire. AR 1414-18. Mr. Lease stated Plaintiff suffers

8   from post-traumatic stress disorder ("PTSD") and a traumatic brain injury with frequent seizures

9   despite daily medication. AR 1414. Mr. Lease opined Plaintiff is unable to meet competitive

10  standards in working in coordination with or proximity to others without being unduly distracted,

11  getting along with co-workers or peers without unduly distracting them or exhibiting behavioral

12  extremes, and dealing with normal stress. AR 1416. He found Plaintiff seriously limited in

13  completing a normal workday and workweek without interruptions from psychologically based

14  symptoms, accepting instructions and responding appropriately to criticism from supervisors,

15  and responding appropriately to changes in a routine work setting. AR 1416. He found Plaintiff

16  limited, but satisfactory, in all other areas of mental abilities and aptitudes needed to do unskilled

17  work. *Id*. Mr. Lease opined Plaintiff is moderately limited in understanding, remembering, or

18  applying information; markedly limited in interacting with others, in maintaining concentration,

19  persistence, or pace, and in his interpersonal relationships; and extremely limited in adapting or

20  managing oneself. AR 1417-18. Mr. Lease determined Plaintiff would be absent from work more

21  than four days per month. AR 1417.

22       C.  *ALJ Decision*

23       The ALJ discussed Drs. Kester's and Beaty's opinions and stated,

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1    I find the opinions of Dr. Kester and Dr. Beaty not persuasive. The doctors are
2    knowledgeable with the Social Security Administration disability program and had
     opportunities to examine the claimant's medical records in providing their
3    opinions. However, their opinions are mostly inconsistent with the overall medical
     evidence of record. Notably, their opinions regarding the claimant's limitations
     with understanding, remembering, or applying information, as well as
4    concentrating, persisting, or maintaining pace, are not consistent with the record.
     Their opinions are inconsistent with medical evidence showing that the claimant's
5    mental health symptoms improved with therapy, stable housing, and compliance
     with anti-seizure medication. Their opinions are also inconsistent with the
6    claimant's ability to manage his mental health conditions without any medications.
     In addition, their opinions are inconsistent with the claimant's performances during
7    neurology appointments. Of note, the claimant did not exhibit any notable cognitive
     difficulties during these treatment visits. Moreover, their opinions are inconsistent
8    with the claimant's demonstrated activities in his personal life. He is able to manage
     self-care, cook, perform household chores, use public transportation, shop, and
9    perform odd jobs for his mother and elderly roommate. He is also able to take care
     of his children and spend time with others. This evidence greatly indicates that his
10   mental health symptoms are not as debilitating as alleged.

11   AR 818-19.

12       Later in his decision, the ALJ discussed Mr. Lease's opinion and found,

13   . . . Mr. Lease's opinion not persuasive. He had a chance to observe the claimant in
     providing an opinion. However, his opinion is inconsistent with the overall medical
14   evidence of record. As a preliminary matter, the evidence suggests that the claimant
     does not view his mental health conditions as limiting his ability to work. In
15   addition, his opinion is inconsistent with medical evidence showing that the
     claimant's mental health symptoms improved with therapy, stable housing, and
16   compliance with anti-seizure medication. His opinion is also inconsistent with the
     claimant's ability to manage his mental health conditions without any medications.
17   Moreover, his opinion is inconsistent with the claimant's performances during
     neurology appointments. Of note, the claimant did not exhibit any notable cognitive
18   difficulties during these treatment visits. Further, his opinion is inconsistent with
     the claimant's demonstrated activities in his personal life. He is able to manage self-
19   care, cook, perform household chores, use public transportation, shop, and perform
     odd jobs for his mother and elderly roommate. He is also able to take care of his
20   children and spend time with others. This evidence greatly indicates that his mental
     health symptoms are not as debilitating as reflected in his assessment. Finally, his
21   opinion regarding the claimant's frequent seizures is not consistent with medical
     evidence showing that his condition is controlled well when he is compliant with
22   his medication regimen.

23   AR 821.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

1    D.  *Analysis of the ALJ Opinion*

2    The Commissioner argues only that the ALJ reasonably found the three opinions

3    unpersuasive because the opinions were inconsistent with (1) Plaintiff's activities of daily living

4    ("ADLs"); (2) the medical evidence; (3) Plaintiff's ability to manage his mental health

5    conditions without medication; and (4) Plaintiff's performances during neurology appointments.

6    Dkt. 11. The Court finds the Commissioner's failure to present argument as to additional reasons

7    the ALJ may have provided for discounting Mr. Lease's opinion is a concession that any

8    additional reason for finding Mr. Lease's opinion unpersuasive is not legally sufficient or

9    supported by substantial evidence. Therefore, in determining if the ALJ erred in his

10   consideration of Mr. Lease's, Dr. Kester's, and Dr. Beaty's opinions, the Court will only discuss

11   the four reasons argued by the Commissioner.

12   First, the ALJ found Mr. Lease's, Dr. Kester's, and Dr. Beaty's opinions unpersuasive

13   because the opinions were inconsistent with Plaintiff's ADLs. AR 819, 821. A medical opinion

14   can be undermined by a claimant's reported activities if supported by substantial evidence. *Ford*

15   *v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). Yet, disability claimants should not be penalized

16   for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157

17   F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987)

18   (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)). Here,

19   as stated above, the ALJ found Plaintiff's ability to manage self-care, perform household chores,

20   use public transportation, shop, perform odd jobs for his mother and roommate, care for his

21   children, and spend time with others evidences his mental health symptoms are not as

22   debilitating as opined. AR 819, 821. The ALJ failed to explain how Plaintiff's activities were

23   inconsistent with Mr. Lease's, Dr. Kester's, and Dr. Beaty's opinions. For example, it is unclear

24

1  how Plaintiff's ability to use public transportation is inconsistent with Drs. Kester's and Beaty's

2  opinion that Plaintiff was not significantly limited in his ability to travel in unfamiliar places and

3  use public transportation. *See* AR 136. Nor is it clear how Plaintiff's ability to cook simple meals

4  (make sandwiches and T.V. dinners), visit with friends, or spend time with his children is

5  inconsistent with the opinions. Mr. Lease specifically noted Plaintiff had heightened anxiety

6  when his is not in a safe place and is around strangers. *See* AR 1414. The Court finds the ALJ

7  has not adequately shown Plaintiff's ADLs are inconsistent with the three opinions. Therefore,

8  the Court finds substantial evidence does not support finding Mr. Lease's, Dr. Kester's, and Dr.

9  Beaty's opinions are inconsistent with Plaintiff's ADLs.

10         Second, the ALJ found Mr. Lease's, Dr. Kester's, and Dr. Beaty's opinions were

11  inconsistent with the medical evidence. AR 818-19, 821. The ALJ measures the persuasiveness

12  of a medical opinion by considering how consistent that medical opinion is with the evidence

13  from other medical sources and nonmedical sources in the claim. *See* 20 C.F.R.

14  §§404.1520c(c)(2), 416.920c(c)(2). Here, the ALJ stated the opinions were inconsistent with

15  medical records showing Plaintiff's symptoms improved with therapy, stable housing, and

16  compliance with seizure medication. AR 819, 821. The ALJ did not cite to any medical records

17  to support this finding and did not provide an explanation as to why some symptom

18  improvement was inconsistent with limitations in some functional areas as opined to by Mr.

19  Lease and Drs. Kester and Beaty. *Id.*; *see also* AR 116-17, 134-36, 1414-18. Moreover, medical

20  records cited in earlier portions of the ALJ decision do not support the ALJ's conclusion. For

21  example, treatment notes show Plaintiff reported doing somewhat better, but he also reported

22  things were "pretty much the same" and that he still has difficulties around people. *See* AR 616.

23  He also reported that he was not having seizures because he had been taking his medication and

24

1  that he was doing well with his anxiety because he was not leaving home. *See* AR 1242. As the

2  ALJ failed to adequately explain what medical records are inconsistent with Mr. Lease's, Dr.

3  Kester's, and Dr. Beaty's opinions and as it does not appear the medical records are inconsistent

4  with the opinions, the ALJ erred in finding Mr. Lease's, Dr. Kester's, and Dr. Beaty's opinions

5  are inconsistent with the medical records.

6          Third, the ALJ determined Mr. Lease's, Dr. Kester's, and Dr. Beaty's opinions were

7  unpersuasive because Plaintiff was able to manage his mental health conditions without

8  medications. AR 819, 821. In discussing the three opinions, the ALJ did not provide any

9  explanation or record citations. *Id.* However, earlier in his decision, the ALJ noted Plaintiff did

10 not take medications despite recommendations by his neurologist to take a mood stabilizer and

11 noted Plaintiff was able to manage his mental health symptoms with cannabis use. AR 816.

12 These two findings are inconsistent. Further, the record shows Plaintiff was prescribed mental

13 health medications, but one made his mood worse. *See* AR 544. Additionally, the record citations

14 provided by the ALJ in an earlier portion of his decision do not support a finding that Plaintiff's

15 cannabis use is effectively managing his mental health symptoms. *See* AR 816 (citing AR 515,

16 573, 1145, 1163, 1172, 1197, 1287). The cited records show Plaintiff uses marijuana and

17 occasionally reported that it helps him calm down, but there is no indication his mental health

18 symptoms are "managed effectively" by his marijuana use *See* AR 515, 573, 1145, 1163, 1172,

19 1197, 1287. The Court concludes the ALJ's third reason for discounting Mr. Lease's, Dr.

20 Kester's, and Dr. Beaty's opinions is not supported by substantial evidence. *See Regennitter v.*

21 *Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–300 (9th Cir. 1999) (internal quotations

22 omitted) ("we have particularly criticized the use of a lack of treatment to reject mental

23 complaints both because mental illness is notoriously underreported and because it is a

24

1    questionable practice to chastise one with a mental impairment for the exercise of poor judgment

2    in seeking rehabilitation").

3           Finally, the ALJ found Mr. Lease's, Dr. Kester's, and Dr. Beaty's opinions unpersuasive

4    because the opinions were inconsistent with Plaintiff's performances during neurology

5    appointments. AR 819, 821. The ALJ stated that Plaintiff did not exhibit any cognitive

6    difficulties during the neurology treatment visits. *Id.* It is unclear what portions of the neurology

7    treatments the ALJ is referencing. The ALJ also fails to explain why a lack of cognitive

8    difficulties is inconsistent with Mr. Lease's, Dr. Kester's, and Dr. Beaty's opinions related to

9    Plaintiff's limitations as a result of PTSD, depressive disorder, and anxiety and obsessive-

10   compulsive disorders. *Id.*; *see also* AR 112, 130, 1414. For these reasons, the Court finds the

11   ALJ's fourth reason for finding Mr. Lease's, Dr. Kester's, and Dr. Beaty's opinions unpersuasive

12   is not sufficient. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency

13   [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

14          For the above stated reasons, the ALJ failed to provide a legally sufficient reason for

15   finding Mr. Lease's, Dr. Kester's, and Dr. Beaty's opinions unpersuasive. Therefore, the ALJ

16   erred.

17          E.   *Harmless Error*

18          "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

19   F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to

20   the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

21   *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

22   F.3d at 1115.  The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless

23   unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony,

24

1   could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173

2   (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is

3   harmless requires a "case-specific application of judgment" by the reviewing court, based on an

4   examination of the record made "'without regard to errors' that do not affect the parties'

5   'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396,

6   407 (2009) (quoting 28 U.S.C. § 2111)).

7          Had the ALJ properly considered Mr. Lease's, Dr. Kester's, and Dr. Beaty's opinions, he

8   may have included additional limitations in the RFC. For example, Drs. Kester and Beaty noted

9   Plaintiff was capable of performing 1-3 step instructions with occasional lapses in concentration,

10  persistence, and pace. *See* AR 135. And, Mr. Lease found Plaintiff would miss more than four

11  days of work per month as a result of his impairments. AR 1417. The ALJ did not include these

12  limitations in the RFC. *See* AR 811-12. The ultimate disability determination may change if

13  limitations opined to by Mr. Lease and Drs. Kester and Beaty are included in the RFC and

14  considered throughout the remaining steps of the sequential evaluation process. Accordingly, the

15  ALJ's error is not harmless and requires reversal.

16      **IV.    Conclusion**

17          Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

18  Plaintiff was not disabled. Accordingly, the Commissioner's decision to deny benefits is reversed

19  and this matter is remanded for further administrative proceedings in accordance with the

20  findings contained herein.

21          Dated this 2nd day of February, 2023.

22

23          _____

24          David W. Christel
            United States Magistrate Judge